IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME TAYLOR, ) | |
| ) | Civil Action No. 06 - 734 |
| Plaintiff, ) | |
| ) | Judge Gary L. Lancaster / |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| BOROUGH OF WILKINSBURG, et al ) | Doc. No. 30 |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

        It is respectfully recommended that the Motion to Dismiss Plaintiff's Second Amended Complaint filed by the Borough of Wilkinsburg be granted.

**II. REPORT**

        The facts alleged in the Second Amended Complaint are as follows. Plaintiff was arrested for simple assault in connection with a domestic disturbance between Plaintiff and his wife. Upon release from custody, Plaintiff obtained a Protection From Abuse order against his wife. At this time, Defendant Sergeant Depellegrin met the wife. Thereafter, Plaintiff and wife reconciled.

        On January 28, 2006, Defendant Depellegrin had an arrest warrant sworn out for Plaintiff's arrest for stalking. Depellegrin allegedly included deliberate falsehoods in his affidavit of probable cause in order to obtain the warrant for Plaintiff's arrest. Plaintiff was arrested and placed in jail until Monday, January 30, 2006. On January 29, 2006, while Plaintiff was in jail, Depellegrin took Plaintiff's underage wife out for dinner and drinks and allegedly

had sexual relations with her at a Monroeville motel.  Plaintiff's wife has since alleged that the sexual relations were not consensual. All charges against Plaintiff were eventually dropped.

Defendant Borough of Wilkinsburg filed a Motion to Dismiss Plaintiff's original complaint.  Said Motion was mooted by the filing of the Second Amended Complaint. Defendant Borough now files a second motion arguing that the amendments to the Complaint do not cure the prior defect and still fail to set forth a § 1983 claim against the Borough.

In considering a Motion to Dismiss pursuant to Rule 12(b), the Court must accept all allegations as true, draw all reasonable inferences therefrom, and construe the facts thus set forth in the light most favorable to the non-moving party.  See, e.g., Gomez v. Toledo, 446 U.S. 635, 636 n. 3 (1980); Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  A claim should only be dismissed on Rule 12(b)(6) grounds when the non-moving party cannot demonstrate any set of facts that would entitle it to relief.  See ALA Inc. v. CCAIR, Inc., 29 F.3d 885, 859 (3d Cir. 1994).

In Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978), the United States Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983.  In so ruling, however, the Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, that is, through application of the doctrine of respondeat superior.  Instead, the Court concluded that a governmental unit may be liable under § 1983 only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  Monell, 436 U.S. at 694.  The "official policy" requirement distinguishes acts of the municipality from acts of employees of the

municipality, thereby limiting liability to action for which the municipality is actually responsible. Id.

In finding municipal liability pursuant to § 1983, the plaintiff must identify the policy, custom or practice of the municipal defendant that results in the constitutional violation. Id. at 690-91. A municipal policy is made when a decision-maker issues an official proclamation or decision. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986), quoted in, Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). A custom or practice, however, may consist of a course of conduct so permanent and widespread that it has the force of law. Andrews, 895 F.2d at 1480. To establish municipal liability based upon a custom or practice, the plaintiff must demonstrate that the decision-maker had notice that a constitutional violation could occur and that the decision-maker acted with deliberate indifference to this risk. Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).

Finally, Plaintiff must show a causal connection between the custom or policy and the violation of the constitutional right. Bielevicz v. Dubinon, 915 F.2d 845, 850-51 (3d Cir. 1990). That is, a plaintiff must demonstrate an "affirmative link" or "plausible nexus" between the custom or practice and the alleged constitutional deprivation. Bielevicz, 915 F.2d at 850-51. "As long as the causal link is not too tenuous, the question whether the municipal policy or custom proximately caused the constitutional infringement should be left to the jury." Id. at 851 (citing Black v. Stephens, 662 F.2d 181, 190-91 (3d Cir. 1981), cert. denied, 455 U.S. 1008 (1982)).

Plaintiff's main claim against the Borough is plead in paragraph 20 of the Amended Complaint where he states:

> At all times relevant hereto, it was the custom and/or policy of the Borough of Wilkinsburg to tolerate, condone and through their inaction, encourage, the unconstitutional conduct of the defendant Sergeant Depellegrin as set forth herein.

Plaintiff also pleads within the Second Amended Complaint that Depellegrin visited the home of Plaintiff's estranged wife while on duty and that complaints about this were made to the Borough. (Second Amended Complaint ¶¶ 10, 11, 19.) These minimal allegations are insufficient to set forth a Section 1983 claim against a government municipality under the standards set forth by the United States Supreme Court.

Plaintiff has not identified any policy or custom attributable to the Borough of Wilkinsburg that led to the alleged incident. Plaintiff has not set forth any evidence of any similar incidents that have occurred in the past, save for the one in which he was involved, to prove some pattern of conduct that could establish a custom or policy. It is well settled that a single incident of unconstitutional behavior, without any direct involvement by a municipal policy maker, is not sufficient to impose municipal liability. Pembaur, 475 U.S. at 479; City of Oklahoma v. Tuttle, 471 U.S. 808, 822 (1985); Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (plaintiff's mere assertion of the incident at issue, plus vague assertions about the police department's failure to investigate other wrongdoings, did not provide sufficient proof of a policy or custom to satisfy the dictates of § 1983). See also Bryan County v. Brown, 520 U.S. 397, 409 (1997) (a single decision by municipal lawmakers can trigger municipal liability only if the decision itself is found to be unconstitutional, i.e., a reasonable policymaker should have concluded that the "plainly obvious" consequence of his or her decision would be the deprivation of a third party's federally protected rights). Thus, Plaintiff's allegations are insufficient to state a claim upon which relief may be granted against the Borough of

Wilkinsburg.

This is unlike the situation presented in <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971 (3d Cir. 1996), <u>cert</u>. <u>denied</u>, 117 S. Ct. 1086 (1997).  In that case, the plaintiff claimed that the city maintained a custom or policy of tolerating the use of excessive force by its officers.  As proof of the city's acquiescence in such policy, the plaintiff in <u>Beck</u> presented evidence of a series of actual, written civilian complaints of similar nature containing specific information pertaining to the use of excessive force and verbal abuse by the same officer.  All but one of the complaints had been transmitted through the police department chain of command to the Chief of Police.  In addition,  the plaintiff presented annual department reports detailing the high rate of excessive force incidents.  After reviewing this evidence, the Court of Appeals for the Third Circuit concluded that, because the complaints came in a narrow period of time and were of a similar nature, a reasonable jury could have inferred that the Chief of Police of Pittsburgh and his department knew, or should have known, of the officer's violent behavior in arresting citizens.  In addition, the Court noted that, although department reports highlighted concerns of excessive force, the City took no action in response to such concerns.  Based on this record, the court determined that Beck had presented sufficient evidence from which a reasonable jury could have inferred that responsible policymakers for the City of Pittsburgh knew about, and acquiesced in, the tacit use of excessive force by its police officers.  <u>Id</u>. at 976.

Here, there is no allegation that prior complaints were made about this officer or, for that matter, that complaints were made about any other borough officers similar to those alleged against Sergeant Depellegrin.

### III. **CONCLUSION**

It is recommended that the Motion to Dismiss filed by the Borough of Wilkinsburg be granted. In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

April 19, 2007

LISA PUPO LENIHAN
U.S. MAGISTRATE JUDGE

cc:   All counsel of record