IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME TAYLOR ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-734 |
| vs. ) | |
| ) | |
| BOROUGH OF WILKINSBURG ) | Judge Lancaster |
| and SERGEANT RONALD ) | Magistrate Judge Lenihan |
| DEPELLEGRIN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff's Complaint was received by the Clerk of Court on June 5, 2006, and was referred to United States Magistrate Judge Lisa Pupo Lenihan in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (Doc. No. 36) filed on April 19, 2007, recommended that the Motion to Dismiss the Amended Complaint filed by the Borough of Wilkinsburg be granted. Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections. On April 26, 2007, Plaintiff filed his objections to the Report and Recommendation arguing that because he had alleged in Paragraph 19 of the Second Amended Complaint that "notice was provided to the Borough of Wilkinsburg in the form of complaints made to the police station by the residents of 418 Ella Street," he had sufficiently stated a claim

against the Borough.  A careful review of the Second Amended Complaint, however, reveals that the substance of the complaints by the residents of Ella Street concerned "the presence of a patrol car outside the Ella Street address." (Second Amended Complaint ¶ 11.)  Plaintiff continues in the same paragraph that despite these complaints concerning the presence of the patrol car, "Depellegrin continued to come to the home . . . under the guise of official police business."  (Second Amended Complaint ¶ 11.)  Moreover, Plaintiff avers in Paragraph 10 of the Second Amended Complaint that "Defendant Depellegrin would come to the home of plaintiff and Renee Taylor while he was on duty, in his patrol car, and under the guise of investigating the previously filed protection from abuse order." (Second Amended Complaint ¶ 10.)  Accepting as true all allegations in the Second Amended Complaint and all reasonable inferences that can be drawn therefrom, and viewing them in the light most favorable to the Plaintiff, it is clear that Plaintiff cannot make out a claim for municipal liability against the Borough of Wilkinsburg because he has averred no set of facts that could establish that the "custom or policy" of the municipality, in its failure to investigate or stop  Depellegrin's presence at Plaintiff's home under the guise of official business, authorized or ordered Depellegrin's alleged unconstitutional acts.  C.f.  Pembaur v. City of Cincinnati, 475 U.S. 469, 484 n.11 (1986) (holding "that the policy which ordered or authorized an unconstitutional act can be established by a single decision by proper municipal policymakers.")  Here, without the Borough's knowledge and acquiescence in Depellegrin's alleged unconstitutional acts, Plaintiff cannot prove an official policy or custom necessary to support his theory of municipal liability. See Fletcher v. O'Donnell, 867 F.2d 791, 793-94 (3d Cir. 1989) (citing Pembaur, 475 U.S. at 481-82 n.10).

After review of the pleadings and the documents in the case, together with the Report and Recommendation and Objections thereto, the following Order is entered:

**AND NOW,** this _8_ day of _May_, 2007;

**IT IS HEREBY ORDERED** that Defendant Borough of Wilkinsburg's Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) is granted.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. No. 36) of Magistrate Judge Lenihan, dated April 19, 2007, is adopted as the Opinion of the Court.

Gary L. Lancaster
United States District Judge

cc: Lisa Pupo Lenihan
United States Magistrate Judge

All counsel of record